IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHNNY RAY COX,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 20-25-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on state pro se Petitioner Johnny Ray Cox's application for writ of habeas corpus under 28 U.S.C. § 2254 and brief in support. (Docs. 1 & 2.) For the reasons set forth below, Cox's petition should be dismissed.

### I. Procedural History

Cox's present habeas claims stem from three sets of convictions and sentences handed down in 2011, 2014, and 2018, in Montana's Thirteenth Judicial District, Yellowstone County.[1]

---

[1] The summary of Cox's procedural history is gleaned from the Montana Supreme Court's decision in *Cox v. Guyer*, OP 19-592, Or. at 1-4 (Mont. Jan. 28, 2020). Available at: Montana

1

In December of 2011, Cox was sentenced in Cause No. DC-11-162, for Privacy in Communications. Cox received a 5-year commitment to the Montana Department of Corrections (DOC) with all of the time suspended; Cox was credited for 282 days of time served. On the same day, Cox was sentenced in Cause No. DC-11-370, for Violation of an Order of Protection. Cox received a 5-year suspended sentence with credit for 189 days of time served. The two sentences were ordered to run concurrently with one another.[2]

In September of 2013, following allegations of several probation violations, the State petitioned to revoke Cox's 2011 sentences. On October 8, 2013, Cox was arrested on a new felony charge of Privacy in Communication. On December 16, 2013, Cox posted bond on both the new charge and the 2011 revocations and was released from the Yellowstone County Detention Center. Cox had served 97 days in custody.

In July of 2014, while the 2011 revocations were still pending, new allegations of violations came to light regarding threats Cox had made to his ex-girlfriend's sister. On August 4, 2014, a new probation violation hold was issued; Cox was arrested one week later. On August 12, 2014, Cox' probation officer

---

Supreme Court Docket, https://appecm.mt.gov/PerceptiveJUDDocket/ (accessed May 13, 2020). Proceedings, including orders and filings, in other courts, including state courts, are the proper subject of judicial notice when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

[2] These sentences will be referred to herein after as "the 2011 sentences."

lifted the hold because at that point, Cox was being held on new charges of Tampering with a Communication Device and felony Partner or Family Member Assault (PFMA), Cause No. DC-14-663.

In July of 2015, the Yellowstone County District Court held a hearing on all of Cox's pending matters. Cox pled guilty to the 2014 felony PFMA and his 2011 cases were revoked.[3] For the 2011 revocations, the court imposed a DOC commitment of 4-years and 83 days for the first sentence to run concurrently with a 4-year and 169-day sentence for the second. Cox was credit with 97 days for time he served. For the 2014 case, Cox was committed to the DOC for 5-years and was credited with 350 days of credit. The 2014 sentence was ordered to run consecutively to the 2011 cases.

Cox then filed a direct appeal, which was ultimately dismissed pursuant to *Anders v. California*, 386 U.S. 738 (1967). See, *State v. Cox*, No. DA 15-0658, Or. (Mont. Aug. 8, 2017).

While his direct appeal was pending, Cox also filed a pro se state habeas petition, alleging, among other things: trial counsel provided ineffective assistance; discovery was withheld in violation of *Brady v. Maryland*;[4] Montana law and

---

[3] As part of this global resolution, it appears 2013 Privacy in Communication charge was dismissed. See e.g., *State v. Cox*, No. DA 15-0658, *Anders* Br. at 14 (filed May 17, 2017).

[4] The rule established in *Brady v. Maryland*, 373 U.S. 83 (1963), requires the prosecution to disclose to the defense any materially exculpatory evidence in its possession.

3

procedure was not followed; the criminal case was unjustly delayed; his right to due process was violated following the change of plea hearing in which Cox was incorrectly designated a persistent felony offender; his revocation procedures were irregular; and, he was denied the proper amount of credit for time served.[5] Cox's petition was dismissed due to the pending appeal in which he was represented by counsel. *Cox v. Green*, No. OP-16-1708, Or. (D. Mont. Dec. 6, 2016).[6]

Cox sought state habeas corpus relief a second time, alleging that he was due additional credit for time served against his 2011 sentences. In February of 2018, the Montana Supreme Court remanded the matter to the district court to determine the correct amount of credit due to Cox for the time he served in the 2011 cases. See, *Cox v. Fender*, No. OP-17-0692, Or. (Mont. Feb. 6, 2018). Following a hearing, the district court concluded Cox was entitled to an additional 7-days of credit for time served on probation violation holds in 2013 and 2014.

In 2018, following entry of a "no contest" plea to felony Privacy in Communication, Cox was sentenced to a 2-year commitment to the DOC; the sentence was ordered to run consecutively to his other sentences.

Cox again sought habeas relief arguing: (1) he was entitled to an additional

---

[5] See, *Cox v. Green*, No. OP-16-1708, Pet. (filed Nov. 16, 2016).

[6] Cox had attempted to raise similar issues before the district court in the underling criminal matter, but his pro se filings were rejected. See e.g., *State v. Cox*, No. DA 15-0658, *Anders* Br. at 9-12 (filed May 17, 2017).

15-months of credit for time served in relation to the 2011 cases, and (2) his 2011 revocation sentences could not be imposed to run consecutively to his more recent convictions.

Cox argued he was owed an additional 15-months credit, not just 7 days, against his 2011 revocation sentences, because the court erred in running these sentence consecutively to a sentence that had not yet been imposed at the time of the original 2011 sentencing. In support of his argument, Cox relied upon an unpublished opinion, *State v. Emter*, No. DA-16-305, 2018 MT 129N.

The state argued that Cox lacked a legal basis to support his claim. As a preliminary matter, the State noted that Cox discharged his 2014 sentence on August 11, 2019, making his claim moot. The State went on to argue that the district court was authorized, under Montana law, to order the revocation of the 2011 sentences to run consecutively to subsequent sentences so as to avoid merger of sentences.[7] Finally, the State argued that the longer sentence – the 2014 5-year custodial sentence for felony PFMA – was the controlling sentence, and properly was ordered to be served first.[8] Accordingly, the State argued none of Cox's

---

[7] Citing, Mont. Code Ann. § 46-18-401(1)(b): "Whenever a person under a suspended sentence or on probation for an offense committed in this state is sentenced for another offense, the period still to be served in the suspended sentence or probation may not be merged in any new sentence of commitment or probation."

[8] Citing, Admin. R. M. 20.25.202(3)(2016), defining the "controlling sentence" as the "sentence(s) that, based on a district court judgment, requires the longest period of the time served to parole eligibility."

sentences were illegal and that his petition should be denied.

The Court agreed with the State and found Cox was not entitled to an additional 15-months of credit for time served.[9] The Court also observed that Cox was barred, under state law, from challenging his 2011 revocation sentences in an original habeas corpus proceeding.[10]

## II. Cox's Claims

In the instant matter Cox claims: (1) the revocation sentence imposed in the 2011 cases is facially and constitutionally invalid, (Doc. 2 at 6-8); (2) the ineffective assistance of counsel and *Brady* violation claims presented relative to his 2014 sentence of conviction were valid and were erroneously dismissed, *Id*. at 8-10; (3) the denial of his claim requesting credit for time served was erroneous, *Id*. at 10-11, 13-14; (4) his constitutional claims were unjustly dismissed, *Id*. at 12-14; and, (5) his claim challenging the persistent felony offender designation in his 2014 conviction was erroneously dismissed. *Id*. at 14.

## III. Analysis

Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

[9] The Court did, however, direct the Records Manager at the Montana State Prison ensure that Cox be credited for the 7-days previously granted by the district court for time served on probation violation holds in 2013 and 2014 against his 2011 revocation sentence.

[10] See, MCA § 46-22-101(2), which provides "habeas corpus relief is not available to attack the legality of an order revoking a suspended or deferred sentence."

District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. As explained herein, Cox's petition for habeas relief should be denied.

### i. 2014 Sentence: Claims 2 & 5

In relation to his 2014 sentence, Cox alleges the state courts erred in: denying his claims alleging ineffective assistance of counsel and *Brady* violations (Claim 2), and in denying his assertion that he received an improper persistent felony offender designation (Claim 5). As set forth above, it appears Cox attempted to raise these issues in a pro se habeas petition filed with the Supreme Court. Cox's habeas petition was dismissed at that time because he had a direct appeal pending in which he was represented by counsel. See, *Cox v. Green*, No. OP-16-1708, Or. (D. Mont. Dec. 6, 2016). It does not appear that Cox tried to subsequently advance these claims in either a petition for postconviction relief or a habeas application following the conclusion of his direct appeal. Although it appears that these claims may both be untimely and defaulted, the procedural hurdles matter not, because this Court lacks jurisdiction to hear the claims.

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground

7

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Accordingly, this Court's habeas jurisdiction requires that a petitioner be in custody under the conviction or sentence under attack at the time his federal petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). As set forth above, Cox discharged his DC-14-663 sentence on August 11, 2019, but he did not file his petition challenging that conviction in this Court until March 16, 2020, nearly seven months after the sentence expired. Thus, he was not "in custody" under the 2014 conviction or sentence under attack at the time of his federal filing. Accordingly, these claims should be dismissed for lack of jurisdiction.

### ii. 2011 Revocation Sentences: Claims 1 & 3

As set forth above, relief under 28 U.S.C. § 2254 is only available on the basis of some transgression of federal law binding upon the state courts. "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based upon a claimed state

sentencing error, a petitioner must show that the alleged error was "so arbitrary or capricious as to constitute and independent due process violation." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Cox argues the state courts have misapplied state law in his case,[11] which has resulted in him having to serve more time than he believes was originally imposed. As set forth above, the Montana Supreme Court has reviewed Cox's claim and determined that the sentences imposed upon Cox are valid, and that he is entitled to no additional credit for time he has served. To the extent Cox asks this Court to review the interpretation and application of a purported state sentencing error, such error is not a cognizable ground for relief in a federal habeas corpus proceeding. See, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (a state court's interpretation of state law is binding on a federal habeas court); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994)

---

[11] See e.g., (Doc. 2 at 6-8; 10-11)(citing Montana state case law and statutes).

(generally federal habeas corpus relief unavailable for errors of state law).

Further, even assuming some error was made, Cox has not made a showing the purported error that occurred in his case is "so arbitrary or capricious as to constitute and independent due process violation." *Lewis*, 497 U.S. at 780. At most, Cox has advanced what he believes to be an error of state law. Cox seems to assert not only a due process violation, but also a double jeopardy violation, due to his belief that the purported denial of credit for time he has served constitutes a "double punishment." See, (Doc. 2 at 13-14.) But a habeas petitioner "cannot, merely by injecting a federal question into an action that asserts what is plainly a state law claim, transform the action into one arising under federal law…." *Caterpillar v. Williams,* 482 U.S. 386, 399 (1987); *accord Poland v. Stewart,* 169 F.3d 573, 584 (9th Cir.1999) ("A petitioner may not 'transform a state law issue into a federal one merely by asserting' " a federal constitutional violation (quoting *Langford v. Day,* 110 F.3d 1380, 1389 (1996)). While Cox may disagree with the Montana Supreme Court's application of state law, such disagreement is not cognizable in federal habeas and this Court cannot provide relief. Accordingly, these claims should be dismissed.

### iii. Violations in State Habeas Proceedings: Claim 4

Finally, Cox argues that his First Amendment right to Free Speech and his Fourteenth Amendment rights to Equal Protection and Due Process were violated

when the Clerk of the Montana Supreme Court denied him the opportunity to submit a reply brief to the Montana Attorney General's response to his petition for habeas relief. See, (Doc. 2 at 12-14.) Cox asserts he was entitled to submit his reply under Rule 12(3) of the Montana Rules of Appellate Procedure. *Id*. at 12.

Cox is mistaken. Rule 14 of the Montana Rules of Appellate Procedure, applies to Extraordinary Writs, including original writs of habeas corpus, not Rule 12. See, M.R.A.P 14(2). As Cox was advised in the letter he received from the Clerk of the Supreme Court, "no reply memorandum shall be filed to the summary response except on order of the supreme court." See, Bowen Green ltr. (Doc. 2-1 at 74) (citing Rule 14(7)(a)). Because the Montana Supreme Court did not order Cox to file a reply to the State's response, he had neither a right nor an appellate mechanism under state law to do so.

Nevertheless, despite Cox's assertions to the contrary, this is purely a matter of state appellate procedure and does not implicate a federal right or question. See, *Estelle*, 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). This claim is not cognizable and should be dismissed.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Cox has failed to make a substantial showing of a denial of his constitutional rights. This Court lacks jurisdiction to hear two of Cox's claims and the remainder are not cognizable in federal habeas. Accordingly, jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Cox's Petition (Doc. 1) should be DISMISSED.

2. The Clerk of Court should be directed, by separate document, to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cox may object to this Findings and Recommendation within 14 days.

28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Cox must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 2nd day of June, 2020.

>  */s/ Timothy J. Cavan*
>  Timothy J. Cavan
>  United States Magistrate Judge