IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHNNY RAY COX,<br><br>    Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>    Respondents. | CV 20-25-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

  The United States Magistrate Judge filed Findings and Recommendations on June 2, 2020. (Doc. 9.) The Magistrate recommended dismissing the petition. (*Id.* at 12.) The Petitioner, Johnny Cox, timely filed objections to the Magistrate's Findings and Recommendations. (Doc. 10.) For the following reasons, the Court adopts the Findings and Recommendations in full.

  In his petition (Doc. 2), Cox alleges five claims: Claim 1, Cox's 2011 revocation sentences are facially and constitutionally invalid, (*id.* at 6–8); Claim 2, the ineffective assistance of counsel and Brady violation claims presented regarding

1

his 2014 conviction were valid and were erroneously dismissed, (*id.* at 8–10); Claim 3, the denial of his claim requesting credit for time served was erroneous, (*id.* at 10–11, 13–14); Claim 4, his constitutional rights were violated when the Clerk of the Montana Supreme Court did not allow him to file a reply to the Attorney General's response to his state habeas petition, (*id.* at 12–14); and Claim 5, his claim challenging the persistent felony offender designation in his 2014 conviction was erroneously dismissed, (*id.* at 14).

The Magistrate concluded: (1) Cox was not in custody under his 2014 conviction, so the Court lacks jurisdiction over his claims pertaining to it, (Doc. 9 at 7–8); (2) Cox's claim that the state courts committed sentencing errors is not cognizable in a federal habeas corpus proceeding, and even if the state courts made an error, it was not so arbitrary or capricious as to constitute a due process violation, (*id.* at 8–10); and (3) Claim 5 is a matter of state appellate procedure and does not implicate a federal right or question, (*id.* at 10–11).

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b).

Instead of directly addressing any of the Findings and Recommendations or describing how they are contrary to the record and the law, Cox restates many of the

2

arguments he made in his original petition. He asks the Court to issue a certificate of appealability because reasonable jurists could find the assessment of his constitutional claims debatable or wrong, but other than this conclusory statement, he does little to explain why.

First, the Court agrees with the Magistrate that Claims 2 and 5 from Cox's petition, (Doc. 2 at 8–10, 14), are moot because Cox was no longer in custody for the 2014 conviction when he filed the petition. Cox discharged the sentence for his 2014 conviction on August 11, 2019, but he did not file his petition challenging it until March 16, 2020. (Doc. 2 at 3.) Cox admitted so, (*id.*), and he does not argue the Magistrate erred in his application of the law, *see generally* (Doc. 10-1). The Court concludes it lacks jurisdiction over these claims because Cox was not "in custody" for the 2014 conviction when he filed the petition. *See* 28 U.S.C. § 2254(a).

Second, the Court agrees with the Magistrate that Claims 1 and 3 (alleging the state courts committed sentencing errors) are not cognizable in a federal habeas corpus proceeding. Further, even if the state courts erred, neither error was so arbitrary or capricious as to constitute a due process violation. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). Moreover, a habeas petitioner "cannot, merely by injecting a federal

question into an action that asserts what is plainly a state law claim, transform the action into one arising under federal law . . . ." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987). Cox merely injects claims of constitutional violations into his petition. But at their core, Claims 1 and 3 relate to alleged misapplications of state sentencing laws. In his objections, Cox fails to show how these alleged misapplications (if indeed they are) rise to the level of fundamental unfairness. Consequently, they will be dismissed.

Third, the Court agrees with the Magistrate that Claim 4 (regarding the Montana Supreme Court's appellate process) does not implicate a federal right or question. Cox does not address Claim 4 in his objections. *See generally* (Doc. 10-1). In his petition, Cox claimed his constitutional rights were violated when the Clerk of the Montana Supreme Court denied him the opportunity to submit a reply brief to the Montana Attorney General's response to his petition for state habeas relief. (Doc. 2 at 12–14.) However, this claim is purely a matter of state appellate law and is not cognizable in a federal habeas corpus proceeding.

Finally, a certificate of appealability is unwarranted. The Court lacks jurisdiction to hear Claims 2 and 5, and the remainder (Claims 1, 3, and 4) are plainly not cognizable in a federal habeas corpus proceeding. Cox has failed to make a substantial showing of a denial of his constitutional rights. *See* 28 U.S.C.

§ 2253(c)(2). Reasonable jurists would find no basis to encourage further proceedings. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly,

**IT IS ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 9) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED**:

1. Cox's Petition (Doc. 2) is **DISMISSED**.

2. A certificate of appealability is **DENIED**.

3. The Clerk of Court shall enter a judgment of dismissal by separate document.

DATED this 24th day of June, 2020.

                                              SUSAN P. WATTERS
                                              United States District Judge